UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANA GALLEGOS-YAVORSKY, | : | Case No. 1:22-cv-640 |
| | : | |
| Plaintiff, | : | JUDGE |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI- HAMILTON COUNTY | : | PLAINTIFF'S COMPLAINT AND |
| COMMUNITY ACTION AGENCY, | : | JURY DEMAND |
| | : | |
| Defendant. | : | |

COMES NOW Plaintiff Ana Gallegos-Yavorsky, by and through her undersigned legal counsel, and for her Complaint against Defendant Community Action Agency alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. She is a former employee of Community Action Agency.

2. Defendant is a Non-Profit Organization with its principal office located at 1740 Langdon Farm Road, Cincinnati, Ohio.

3. This Court has jurisdiction over Plaintiff's Complaint because her claims arise under Title VII of the Civil Rights Act of 1964.

4. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with her federal claims.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein, Defendant has sufficient contacts within Ohio to be deemed to reside herein, and/or Defendant is otherwise subject to the personal jurisdiction of Ohio and this Court.

## **FACTUAL ALLEGATIONS**

6. Plaintiff began her employment with Defendant on December 7, 2020. Throughout her employment, she was a Dual Language Coordinator.

7. Plaintiff worked remotely for her first two and a half months of employment.

8. Plaintiff was able to perform her job duties satisfactorily during this period of remote work.

9. In 2021, Defendant announced that it would be requiring its employees to receive a Covid-19 vaccine as a term and condition of employment, effective October 29, 2021.

10. Plaintiff is, and for many years has been, a traditional practicing Catholic.

11. After consulting with her parish priest, Plaintiff concluded that it would violate her religious beliefs, and require her to commit a serious sin, if she were to receive any of the Covid-19 vaccines that were available.

12. Plaintiff therefore decided to apply for a religious exemption from the vaccine requirement.

13. Plaintiff competed the required exemption request on September 15, 2021.

14. She also obtained two letters from her priest in support of her exemption request.

15. Plaintiff gave Defendant the aforesaid letters on October 5, 2021. The letters set forth the basis for Plaintiff's sincerely held religious objections to receiving the Covid-19 vaccine.

16. Plaintiff informed Defendant that, as part of an accommodation of her religious belief, she would be willing to, among other things, work remotely, wear a mask on the rare occasions she needed to be on site, submit to regular Covid tests, and present a negative test result whenever she had to enter a facility to perform her work.

17. On September 27, 2021, and October 5, 2021, Defendant denied Plaintiff's requests for a reasonable accommodation of her religious beliefs.

18. Plaintiff was able to perform the essential functions of her job with a reasonable accommodation from Defendant.

19. Accommodating Plaintiff's beliefs would not have imposed an undue hardship on Defendant.

20. On October 29, 2021, Plaintiff was terminated from her employment.

21. Defendant refused to engage in a good faith interactive process with Plaintiff.

22. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and has received a Notice of Right to Sue.

## CAUSES OF ACTION

### Count I: Violation of Title VII of the Civil Rights Act of 1964

23. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

24. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") prohibits employers from discharging or otherwise discriminating against any individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's religion. 42 U.S.C. §2000e-2(a)(1).

25. Title VII likewise prohibits employers from limiting, segregating, or classifying employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise affect their status as an employee because of their religion. 42 U.S.C. §2000e-2(a)(2).

26. Defendant was required to provide a reasonable accommodation to Plaintiff's religious beliefs, but failed and refused to do so, resulting in the unlawful termination of Plaintiff's employment.

27. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered and continues to suffer harm, including lost wages and benefits, emotional distress, and mental anguish.

28. Defendant's discriminatory conduct was intentional, reckless, and malicious, and exhibited a conscious disregard for Plaintiff's rights and safety that had a great probability of causing substantial harm.

### Count II: Violation of Ohio Revised Code §4112.02

29. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

30. Ohio Revised Code § 4112.02(A) prohibits employers from discharging or otherwise discriminating against any individual with respect to their hire, tenure, terms, conditions, or privileges of employment because of such individual's religion.

31. Under Ohio law, as under Title VII, Defendant was required to provide a reasonable accommodation to Plaintiff's religious beliefs.

32. Defendant failed and refused to provide a reasonable accommodation of Plaintiff's religious beliefs, resulting in the unlawful termination of Plaintiff's employment.

33. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has suffered and continues to suffer harm, including lost wages and benefits, emotional distress, and mental anguish.

34. Defendant's discriminatory conduct was intentional, reckless, and malicious, and exhibited a conscious disregard for Plaintiff's rights and safety that had a great probability of causing substantial harm.

WHEREFORE, Plaintiff Ana Gallegos-Yavorsky hereby demands judgment against Defendant as follows:

1. For damages in an amount equal to her lost back pay and benefits;

2. Reinstatement to her previous position;

3. If reinstatement is not feasible or appropriate, an award of front pay for a reasonable period from the date of the trial forward;

4. Compensatory and punitive damages in amounts to be determined at trial;

5. A permanent injunction prohibiting Defendant from engaging in further acts of religious discrimination against its employees;

6. Plaintiff's attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action;

7. All other and further relief to which Plaintiff may be entitled.

/s/ Stephen E. Imm
_____
Stephen E. Imm (0040068)
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
matt@finneylawfirm.com

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

/s/ Stephen E. Imm
_____
Stephen E. Imm (0040068)